UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR AGTARAP,<br><br>              Plaintiff,<br><br>     v.<br><br>BAILEY, *et al.*,<br><br>              Defendants. | Case No. 1:25-cv-01534-KES-EPG<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 29) |

      Plaintiff Edgar Agtarap proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This action was removed from the Superior Court of the State of California, County of Kings on November 10, 2025.

      Before the Court is Plaintiff's Motion for Appointment of Counsel filed on December 16, 2025 (ECF No. 4). Plaintiff cites several reasons why the Court should appoint him counsel, such as being legally deaf, suffering from type two diabetes, and being unable to afford counsel. (*Id.*, p. 1).

      Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*,

490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court finds that appointment of counsel is not warranted here.  Plaintiff's typewritten complaint clearly articulates the facts and legal claims at issue.  The legal issues involved are not extremely complex, and Plaintiff is able to articulate those claims adequately. Specifically, Plaintiff alleges claims for excessive use of force and an unlawful search of private property under the Fourth Amendment, stemming from Defendants allegedly placing a red tag "Notice to Stop Work" on Plaintiff's shed that is located behind his fence. (ECF No. 1). Further, it is too early to determine Plaintiff's likelihood of success on the merits or whether the case will proceed to trial. The case was recently removed to federal Court and an initial scheduling conference is set for February 5, 2026. (ECF No. 2). At this preliminary stage of the case, there is no indication of the presence of complex legal issues warranting a finding of exceptional circumstances in which the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery, this is not the test).

Plaintiff's complaint also alleges that he was able to hire a law firm to represent Plaintiff regarding these issues.  (ECF No. 1, at p. 10).

Accordingly, the Court will deny Plaintiff's request for counsel (ECF No. 4) without prejudice.
IT IS SO ORDERED.

Dated:   **December 22, 2025**                 /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

2